# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LOIS J. MARSH,**

              **Plaintiff,**

**-vs-**                                                     **Case No. 6:06-cv-1092-Orl-31JGG**

**W PARK HOUSING AUTHORITY d/b/a**
**WINTER PARK OAKS,**

              **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **MOTION TO APPOINT COUNSEL (Doc. No. 1)** |
| **FILED:** | **July 24, 2006** |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |

| | |
|---|---|
| **MOTION:** | **MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)** |
| **FILED:** | **July 24, 2006** |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice. It is further **RECOMMENDED** that the complaint be dismissed with leave to amend. | |

    At the end of her complaint, *pro se* Plaintiff Lois J. Marsh requests appointment of an attorney.

The Court treats this request as a motion. Plaintiff also moves to proceed *in forma pauperis*.

Plaintiff's complaint alleges that Defendant Winter Park Oaks has allowed access to her apartment by unauthorized persons who have caused damage to her property, her pet and herself. One of Plaintiff's allegations is that Defendant allowed "one Elizabeth Fillner to spread sewage upon belongings, carpet." Doc. 1 at 2. She also alleges that she has been locked out of her residence repeatedly and denied access to her belongings. Lastly, Plaintiff claims that Defendant has "been pocketing funds as I have been Section 8 from December 2002 and was never notified." Doc. 1 at 3.

I.  **MOTION TO APPOINT COUNSEL**

There is no absolute right to counsel in civil cases, and appointment of counsel is warranted only in "exceptional circumstances." *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996). Exceptional circumstances may exist, however, when the facts or legal issues are "so complex as to require the assistance of a trained practitioner." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (*citations omitted*). A federal court may request an attorney to represent a person in a civil proceeding who is unable to afford counsel. 28 U.S.C. § 1915(e)(1). The primary issue is whether the *pro se* litigant needs help in presenting the merits of his case, or whether the facts and issues are sufficiently simple that an attorney's assistance is not needed. *Steele*, 87 F.3d at 1271. The determination of whether exceptional circumstances exist is committed to the district court's discretion. *Id*.

A reading of the complaint in this case reveals that Plaintiff is able to clearly present the facts. As discussed below, Plaintiff fails to plead sufficient facts to state a claim over which this Court has jurisdiction. That does not mean that appointment of counsel is warranted. The complaint simply

does not present any complex legal issues requiring the assistance of counsel. For these reasons, the Court denies the motion to appoint counsel.

## II.     RECOMMENDATION OF DISMISSAL

### A.     THE LAW

#### 1.     The Statute and Local Rules

The United States Congress has required that the district court review[1] a civil complaint filed *in forma pauperis*, and shall dismiss a complaint that is frivolous, malicious, or fails to state a claim. *See* 28 U.S.C. § 1915. The mandatory language applies to all proceedings *in forma pauperis*. The statute provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal —
>     (I) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915 (e)(2)(2003).

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. *See* Local Rule 4.07. Pursuant to Local Rule 4.07 (a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. Local Rule 4.07 (a). The district court assigns to United States Magistrate Judges the supervision and

---

[1] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915 (e)(2) and Local Rule 4.07 (a).

determination of all civil pretrial proceedings and motions. Local Rule 6.01 (c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under 28 U.S.C. § 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07 (a).

### 2. Discretion Under 28 U.S.C. § 1915

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous.[2] *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The pauper's affidavit should not be a broad highway into the federal courts. *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975). Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit. *Phillips*, 746 F.2d at 785*; Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

### 3. Frivolous and Malicious Actions Under 28 U.S.C. § 1915 (e)(2)(B)(I)

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark,* 915 F.2d at 639 (11th Cir. 1990). The trial court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong. *Id.* A district court should

---

[2] At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion because it requires the district court to dismiss a case if it determines that the action or appeal is frivolous, malicious, or fails to state a claim under 28 U.S.C. § 1915 (e)(2). *See Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

order a § 1915 dismissal only when a claim lacks an arguable basis in law. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Claims may lack an arguable basis in law because of either factual or legal inadequacies. *Id.* Legal theories are frivolous when they are "indisputably meritless." *Id.* at 329; *Battle v. Central State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990). Section 1915 authorizes the dismissal of "claims of infringement of a legal interest which clearly does not exist." *See Neitzke*, 490 U.S. at 327.

The district court may dismiss a complaint under § 1915 even if it states a claim for relief.[3] *Clark*, 915 F.2d at 639-40; *Jones v. Bales*, 58 F.R.D. 453, 463-64 (N.D. Ga. 1972), *aff'd for reasons stated in district court order*, 480 F.2d 805 (5th Cir. 1973); *see also Neitzke*, 490 U.S. at 326 - 29 (Rule 12(b)(6) and former section 1915(d) serve distinctive goals). It is an abuse of discretion, however, to conclude that an *in forma pauperis* case is frivolous -- realistically has no better than a slight chance of success -- because of weaknesses on the face of the complaint as long as the complaint presents an arguable basis in law and fact.

Even if the complaint legally states a claim, a district court may nevertheless dismiss on grounds of frivolousness. For example, a §1915 dismissal is appropriate if an affirmative defense would defeat the action. *Clark*, 915 F.2d at 640. The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous. *See Franklin v. State of Oregon*, 563 F. Supp. 1310, 1330, 1332 (D. Ore. 1983). When the defense is apparent from the face

---

[3]The analysis for a dismissal for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915 (e)(2)(B)(ii) is somewhat different from the analysis for a dismissal as frivolous under 28 U.S.C. § 1915 (e)(2)(B)(I). The language of § 1915 (e)(2)(B)(ii) tracks the language of Fed. R. Civ. P. 12 (b)(6), so the courts view the allegations in the complaint as true when assessing failure to state a claim under § 1915 (e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). A judge performing an examination for frivolity under § 1915 (e)(2)(B)(I), however, is not required to assume the truth of the allegations. *See Cofield v. Alabama Public Service Commission*, 936 F.2d 512, 515 (11th Cir. 1991).

of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading. *Clark*, 915 F.2d at 640.

### B. APPLICATION

Plaintiff's Complaint fails to comply with Fed. R. Civ. P. 8(a) as it fails to state the basis for this Court's jurisdiction.[4] This Court can conduct a plenary review of subject matter jurisdiction *sua sponte*. *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1468 (11th Cir. 1997). Two of the most common bases for jurisdiction are original jurisdiction for matters arising under federal law or diversity jurisdiction where all parties to the action are citizens of different states. 28 U.S.C. §§ 1331, 1332(a). Diversity jurisdiction does not appear to exist in this case as both Plaintiff and Defendant seem to be citizens of Florida.

The only potential federal statute mentioned in the complaint is the reference to "Section 8." From the context, the Court interprets the complaint as referring to Section 8 of the Housing and Community Development Act of 1974, 42 U.S.C. § 1437f .[5] The complaint, however, fails to state a claim for which there is a private right of action under Section 8. *See, e.g., Hill v. Group Three Housing Dev. Corp.*, 799 F.2d 385, 394 (8th Cir. 1986) (no private right of action for applicants rejected as tenants); *Phelps v. Housing Auth. of Woodruff*, 742 F.2d 816, 821-22 (4th Cir. 1984) (no private right of action for failure to notify tenants of expected occupancy date). Without a viable federal claim, there is no basis for the Court to exercise jurisdiction over Plaintiff's state law claims.

---

[4] The Complaint also fails to comply with Fed. R. Civ. P. 8 in that it does not contain a demand for relief.

[5] Through the Section 8 program, Congress hoped to "ai[d] low-income families in obtaining a decent place to live," by subsidizing private landlords who would rent to low-income tenants. 42 U.S.C. § 1437f(a). Under the program, tenants make rental payments based on their income and ability to pay; the Department of Housing and Urban Development (HUD) then makes "assistance payments" to the private landlords in an amount calculated to make up the difference between the tenant's contribution and a "contract rent" agreed upon by the landlord and HUD. See § 1437f(c)(1).

*See, Faucher v. Rodziewicz*, 891 F.2d 864, 871 (11th Cir. 1990) ("For a federal court to exercise pendent jurisdiction over state law claims, the court must have jurisdiction over a substantial federal claim and the federal and state claims must derive from a common nucleus of operative fact." (citations and internal quotation marks omitted)).

The complaint fails to state a federal claim or any basis to exercise jurisdiction over the state law claims. The Court recommends dismissal of the action with leave to amend. Further, because the complaint fails to state a claim, the Court recommends that Plaintiff's motion to proceed *in forma pauperis* be denied without prejudice.[6]

**IT IS THEREFORE RECOMMENDED THAT:**

1. The motion for appointment of counsel be denied;

2. The complaint be dismissed with leave to amend within fourteen calendar days after the date of the District Judge's Order, and that failure to timely amend will result in dismissal without prejudice and entry of judgment in Defendant's favor; and

3. The motion to proceed *in forma pauperis* be denied without prejudice.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

---

[6] In addition to the complaint failing to state a claim, the Affidavit supporting the motion to proceed *in forma pauperis* was incomplete because Plaintiff failed to provide any details regarding the source and amount of income received from the sources identified in section 3 of the form.

Recommended in Orlando, Florida on July 31, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Gregory A. Presnell
Unrepresented Party
Courtroom Deputy